Barkley B. Smith, ISBN 9193
Barkley Smith Law, PLLC
 910 Main St. Suite 358C
Boise, ID 83702
P: 208-481-4812
Email: barkley@barkleysmithlaw.com


Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| MALLISA JACKSON,<br><br>                        Plaintiff,<br>          vs.<br><br>AUTOMATED ACCOUNTS, INC<br><br>                        Defendant. | Case No.: 1:18-CV-00534<br><br>**COMPLAINT**<br><br><br><br><br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff  Mallisa Jackson, by and through her counsel of record, Barkley

B. Smith of Barkley Smith Law, PLLC and allege her causes of action against Defendant as

follows:

### **INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for violations of the

    Fair Debt Collections Practices Act, 15 USC § 1692 *et. Seq.* ("FDCPA"), which prohibits

    debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to 15 USC § 1692k (d) because the illicit collection activity was directed at Plaintiff in Canyon County, Idaho and venue is appropriate for the same reason.

## PARTIES

4.  Plaintiff is a natural person currently residing in Canyon County, Idaho.

5.  Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

6.  The debt Ms. Jackson allegedly owes arises out of a personal, family, or household transaction(s).

7.  Specifically, Ms. Garcia believes the debt is related to an overdraft fee.

8.  Automated Accounts, Inc. is a Washington corporation in the business of collecting debts, with its corporate address as 430 W Sharp Ave, Spokane, WA 99201 and has a designated registered agent: Kim Cooper, 1203 N Cherrywood Dr., Couer D'Alene, ID 83814.

9.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## GENERAL ALLEGATIONS

10. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

11. In July 2018, Ms. Jackson reviewed her credit report and noticed several accounts she was not familiar with.

12. On August 9, 2018, Ms Jackson called Defendant to inquire about an account Defendant

was reporting on her credit report.

13. A representative for Defendant answered named "Jennifer". The representative failed to notify Ms. Jackson that this communication was with a debt collector or that this communication was in relation to the collection of a debt and any information obtained would be used for that purpose.

14. Jennifer then told Ms. Jackson she would transfer the call to an account manager named "Michael" which she subsequently did.

15. Upon receiving the transferred call, the representative failed to notify Ms. Jackson that he was a debt collector, worked for a debt collector or that the communication was a communication in relation to the collection of a debt and any information obtained would be used for that purpose.

16. At some point during the phone call Ms. Jackson inquired if the representative was a debt collector which he confirmed he was.

17. Ms. Jackson asked the representative several questions about the account to gain information.

18. During the phone call, Ms. Jackson notified Defendant's representative that she wanted to dispute the debt because the amount seemed to high.

19. At that point the representative told Ms. Jackson there was nothing she could dispute because the debt was valid.

## COUNT I: VIOLATION THE OF FDCPA

20. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

21. Defendant had actual knowledge that Ms. Jackson did in fact dispute the debt in question because she believed the amount was inaccurate.

22. Instead of ending the phone call or choosing a separate course of action, Defendant told Ms. Jackson there was nothing to dispute because the debt was valid.

23. Defendant's conduct directly violated Mr. Jackson's dispute rights under 15 U.S.C. §1692g(a)(3) by stating there was nothing she could dispute because the debt was valid.

## COUNT II: VIOLATION THE OF FDCPA

24. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

25. Defendant had actual knowledge that Ms. Jackson did in fact dispute the debt in question because she believed the amount was inaccurate.

26. Defendant's representative mislead Mr. Jackson by stating that there was nothing she could dispute which is false.

27. Defendant's conduct is in direct violation of 15 U.S.C. 1692e because the statements were false and misleading.

## COUNT III: VIOLATION THE OF FDCPA

28. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

29. Defendant had actual knowledge that it is in the business of collecting debts and that Ms. Jackson was calling in relation to a debt which it was attempting to collect.

30. Defendant failed to notify Ms. Jackson that it was a debt collector attempting to collect a debt and any information obtained would be used for that purpose.

31. Defendant's conduct directly violated 15 U.S.C. 1692e(11) because defendant failed to provide the required disclosures.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C.      Release of the alleged debt;

D.      Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

E.      Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).


Respectfully submitted by,


/s/  Barkley B. Smith
BARKLEY B. SMITH
Barkley Smith Law, PLLC